**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-13841

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ROBERT PURBECK,
   a.k.a. Lifelock,
   a.k.a. Studmaster,
   a.k.a. Studmaster1,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:21-cr-00004-TCB-RGV-1

————————————

Before ROSENBAUM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Robert Purbeck appeals his 120-month total sentence, to be followed by three years of supervised release, which the district court imposed after Purbeck pled guilty to two counts of computer fraud and abuse, under 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(C)(i), (c)(2)(B)(iii), & 2. On appeal, Purbeck first argues that the government breached the parties' plea agreement. Second, he argues—and the government agrees—that the district court erred by imposing a condition of supervised release in its written judgment that is more stringent than the condition the court announced at sentencing. After careful review, we find no plain error regarding the first issue, but we agree with both parties as to the second. Accordingly, we affirm Purbeck's sentence and vacate and remand the judgment with instructions to enter a new judgment that conforms with the district court's oral pronouncement of the sentence.

## I.

First, we address Purbeck's argument that the government breached the parties' plea agreement. Where, as here, a party "fails to preserve an objection in the district court," we review that issue only for plain error. *United States v. Defilippis*, 174 F.4th 1291, 1302, 1307 (11th Cir. 2026). "Plain error occurs where there is an '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* at 1307–08 (quoting *United States v. Utsick*, 45 F.4th 1325, 1332 (11th Cir. 2022)). "If a defendant establishes these prerequisites," we may correct an unpreserved error if we conclude that it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1308 (quoting *Utsick*, 45 F.4th at 1332). For an error to be a plain error, it must be "'clear' or 'obvious.'" *Esteras v. United*

24-13841                Opinion of the Court                3

*States*, 606 U.S. 185, 203 (2025) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

Here, the parties' plea agreement provides that the district court "may impose a sentence up to and including the statutory maximum" of 10 years' imprisonment and that "no one [could] predict [Purbeck's] exact sentence." In addition, the government agreed "to recommend that the Defendant be sentenced to no more than 70 months in the custody of the Bureau of Prisons to be followed by a term of supervised release."

In its sentencing memorandum, the government recommended the court sentence Purbeck to 70 months' custody.[1] Then, at sentencing, the government reiterated its request for a 70-month sentence. These statements were all consistent with the commitment it made to Purbeck in the plea agreement. *See United States v. Hunter*, 835 F.3d 1320, 1324 (11th Cir. 2016) ("Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered his plea." (quoting *United States v. Boatner*, 966 F.2d 1575, 1578 (11th Cir. 1992))); *see*

---

[1] As Purbeck notes, the government's sentencing memorandum asserted that "any sentence below 70 months" would be inadequate. This statement is close to inconsistent with the government's promise "to recommend . . . *no more* than 70 months" imprisonment. However, because we resolve Purbeck's argument on the second prong of plain error, we need not definitively decide whether this was error. *See, e.g.*, *United States v. Williamson*, 339 F.3d 1295, 1304 (11th Cir. 2003) ("[A]ny error, even if we were to presume its existence, was not plain, clear, or obvious.").

4                         Opinion of the Court                    24-13841

*also United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004) (similar).

True, as Purbeck notes, the government also made numerous statements that emphasized the severity of Purbeck's offenses—including by describing his conduct as "egregious," "sinister," "devastating," "despicable," "unbelievably cruel," and "antisemitic." We have held that the government can breach a plea agreement by failing to make a "forceful and intelligent recommendation" for the agreed-upon sentence, or when, "in effect," the government "argue[s] against it[s]" own recommendation at sentencing. *See United States v. Grandinetti*, 564 F.2d 723, 727 (5th Cir. 1977).[2] Similarly, the government can breach a plea agreement by paying mere "lip service" to its promises. *United States v. Taylor*, 77 F.3d 368, 370–72 (11th Cir. 1996) (citing, *inter alia*, *United States v. Canada*, 960 F.2d 263, 269–70 (1st Cir. 1992)). However, unless otherwise required by the plea agreement, the government is not required to "'enthusiastically' make a particular recommendation to the court" nor "explain to the court the reasons for [its] . . . particular recommendation." *United States v. Benchimol*, 471 U.S. 453, 455–56 (1985).

In light of the foregoing, even if we were to conclude that some of the government's comments reflect mere "lip service" to

---

[2] "Decisions of the Fifth Circuit prior to the close of business on September 30, 1981, 'shall be binding as precedent in the Eleventh Circuit.'" *United States v. Zappey*, 164 F.4th 1348, 1357 n.3 (11th Cir. 2026) (quoting *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*)).

24-13841                Opinion of the Court                5

the promise to recommend a 70-month sentence it made in the plea agreement, *Taylor*, 77 F.3d at 371, its conduct as a whole does not show "'clear' or 'obvious'" error, *Esteras*, 606 U.S. at 203 (quoting *Olano*, 507 U.S. at 734). The government never explicitly advocated for a sentence longer than the agreed-upon 70-month term of imprisonment and the plea agreement did not "preclude the government from disclosing pertinent information to the sentencing court" nor "restrict the facts upon which the substantive offense [wa]s based." *Boatner*, 966 F.2d at 1578; *see also United States v. Block*, 660 F.2d 1086, 1091 (5th Cir. Unit B Nov. 1981) ("A prosecutor has a duty to insure that the court has complete and accurate information concerning the defendant, thereby enabling the court to impose an appropriate sentence.").[3] Moreover, the government's statements—taken together—do not reflect the same sort of undercutting of its own promises as the statements which have led us to find error in the past. *See United States v. Malone*, 51 F.4th 1311, 1322 (11th Cir. 2022) (finding plain error when, "[e]ven though the government stated at sentencing that it recommended [the agreed-upon] sentence, it then said that this was not enough and that [the defendant] deserved a sentence two or three times higher"); *Grandinetti*, 564 F.2d at 725 (finding error where the government told the court that it was "not too sure of the legality . . . nor the propriety" of its own recommendation); *United States v. Johnson*, 132 F.3d 628, 630–31 (11th Cir. 1998) (concluding

---

[3] "Decisions by Unit B panels of the former Fifth Circuit are also binding precedent on this Court." *Zappey*, 164 F.4th at 1357 n.3.

the government breached when it argued in favor a determination that the defendant was accountable for 1400 pounds of marijuana, despite an agreement that no more than 100 pounds would be attributed to him).

Moreover, the context of many of the government's comments suggests that it did not breach at all. Up until the district court imposed its sentence, Purbeck was arguing for a sentence well below the 70-month sentence the government had agreed to. In this context, the government's statements—especially in light of its repeated requests for a 70-month sentence—can be read as an effort to convince the district court to adopt its recommendation and not vary below its recommendation to Purbeck's proposed sentence. Such a course of conduct was permissible under the plea agreement, where the government agreed that up to 70 months' imprisonment was appropriate. *Hunter*, 835 F.3d at 1324–25 (explaining that we must ask whether the government's conduct was inconsistent with a defendant's reasonable reading of the agreement).

In sum, the government's comments, even if arguably in tension with the promises it made in the plea agreement, were not "clear or obvious" breaches of the plea agreement that would justify reversal under plain error review. *Esteras*, 606 U.S. at 203 (quoting *Olano*, 507 U.S. at 734). Accordingly, we affirm on this issue.

## II.

Next, we address Purbeck's argument that we should remand because the court's amended judgment is inconsistent with

its oral pronouncement of the sentence. The government agrees with Purbeck, and so do we.[4]

Where, as here, a defendant has no opportunity to object at sentencing to a condition of supervised release because the district court includes it for the first time in a written judgment after sentencing, we review the defendant's challenge on appeal *de novo*. *See United States v. Rodriguez*, 75 F.4th 1231, 1246 n.5 (11th Cir. 2023). "When the oral pronouncement of a sentence varies from the written judgment, the oral pronouncement governs." *United States v. Chavez*, 204 F.3d 1305, 1316 (11th Cir. 2000); *Patterson v. United States*, 386 F.2d 142, 143 (5th Cir. 1967) ("It follows that where there is a discrepancy between the oral pronouncement and the written judgment and commitment, the former must control."); *see also United States v. Kindrick*, 576 F.2d 675, 677 (5th Cir. 1978) (similar). As a corollary to this rule, "[a] district court must orally pronounce a defendant's sentence in his presence, and ordinarily the court cannot add to the defendant's sentence in a written judgment entered after the sentencing hearing." *Rodriguez*, 75 F.4th at 1246.

Here, the district court orally announced 13 special conditions of supervised release, and one of those conditions allowed Purbeck to access the internet only for purposes pre-approved by a probation officer. The district court later entered a written judgment that contained a condition that completely bars Purbeck from accessing the internet while he is on supervised release, without

---

[4] The concession of the government as a party "is not dispositive," *United States v. Lee*, 586 F.3d 859, 866 (11th Cir. 2009), but we appreciate its candor.

8                    Opinion of the Court                    24-13841

exception.   Because these two conditions conflict, the oral pro-
nouncement governs.  *Chavez*, 204 F.3d at 1316; *Patterson*, 386 F.2d
at 143.  We therefore vacate the amended judgment and remand
solely for the district court to enter a revised judgment that con-
forms with its oral pronouncement.  *See* FED. R. CRIM. P. 36.[5]

★    ★    ★

For the reasons we have explained, we affirm Purbeck's sen-
tence because he has not shown plain error.  However, we agree
with the parties that remand is warranted so that the district court
can enter a new judgment that conforms with its oral pronounce-
ment of Purbeck's sentence.

**AFFIRMED IN PART, VACATED AND REMANDED IN
PART.**

---

[5] In light of the foregoing, we need not reach Purbeck's argument that the
condition of supervised release, as contained in the amended judgment, is un-
constitutional.